IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

L.B., a minor, )
  by her Next Friend Keven Berry; and )
A.N., a minor, )
  by his Guardian Ad Litem, Amy D. DeWald, )
  )
                Plaintiffs, )
  )
      v. )        Case No. 25-1086-JWL
  )
THE PRINCETON EXCESS AND SURPLUS )
  LINES INSURANCE COMPANY; )
DAVID BOHANAN; and )
SEDGWICK CLAIMS MANAGEMENT )
  SERVICES, INC., )
  )
                Defendants. )
  )
_____ )

**MEMORANDUM AND ORDER**

This matter presently comes before the Court on defendant David Bohanan's motion to dismiss (Doc. # 125). For the reasons set forth below, the Court **grants** the motion, and plaintiff A.N.'s claim against David Bohanan is hereby **dismissed**.

This case began as a garnishment action in state court. Plaintiff L.B., a minor, brought suit in Kansas state district court against another minor, A.N., and a residential foster care facility, based on the underlying allegation that in January 2021 A.N. assaulted L.B. at the facility. After plaintiff reached a settlement with the facility, plaintiff's tort claim against A.N. was tried to the court in November 2024; and the court found in favor of plaintiff and awarded damages in the amount of $25,000,000. The court entered an order

of garnishment to attach funds owed by an insurer, defendant The Princeton Excess and Surplus Lines Insurance Company ("Princeton"), to A.N., the judgment debtor, pursuant to an insurance policy. Princeton removed the case; and this Court denied a motion for remand, denied a pending motion for default judgment against Princeton, and realigned the parties to make A.N. a plaintiff. A.N. subsequently filed a second amended complaint in which he asserted negligence claims against two new defendants: Sedgwick Claims Management Services, Inc. ("Sedgwick"), a company retained by Princeton to provide claims administration services; and David Bohanan, whom Sedgwick employed as a claims adjuster. A.N. alleges that Sedgwick and Mr. Bohanan were negligent in investigating, evaluating, and handling the claim against A.N. for Princeton.

Mr. Bohanan now moves to dismiss A.N.'s claim against him. The Court will dismiss a cause of action for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) only when the factual allegations fail to "state a claim to relief that is plausible on its face," *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or when an issue of law is dispositive, *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

Mr. Bohanan argues as a matter of Kansas law[1] that an independent adjuster for an insurer does not owe a legal duty to an insured with respect to the handling of a claim on behalf of the insurer, and that therefore A.N.'s negligence claim based on the breach of such a duty must be dismissed. A.N. argues in response that because the Kansas Supreme

---

[1] The parties have assumed, without analysis, that Kansas law governs this claim, and the Court therefore applies that law. *See Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1062 (10th Cir. 1998) ("Because the parties proceed on the assumption that Kansas substantive contract law applies, we apply that law without further analysis.").

2

Court has not directly held that such a tort claim cannot be maintained against an adjuster, he should be permitted to pursue such a claim here. A.N. notes that he has pleaded the existence of a duty and the necessary elements of a negligence claim, and he further argues that even if it is doubtful that Kansas law would allow this claim, the Court should not make a definitive ruling at this early stage of the litigation. A.N. has not identified any issue of fact relevant to this question, however; nor does he dispute that the existence of a legal duty presents a question of law for the Court, *see Thomas v. County Comm'rs of Shawnee County*, 293 Kan. 208, 221 (2011). Thus, the issue is ripe for resolution. Moreover, the Court would not allow the claim to proceed merely because the Kansas Supreme Court has not directly addressed the issue; rather, it is this Court's duty to determine what decision the Kansas Supreme Court would make if presented with the issue. *See Oliveros v. Mitchell*, 449 F.3d 1091, 1093 (10th Cir. 2006). In this case, the Court predicts that the Kansas Supreme Court would not permit a negligence claim by an insured against an independent adjuster based on the handling of an insurance claim, and the Court therefore dismisses this claim.

The Seventh Circuit undertook just such an analysis in *Lodholtz v. York Risk Services Group, Inc.*, 778 F.3d 635 (7th Cir. 2015), in which the court concluded that the Indiana Supreme Court would follow Indiana's intermediate appellate court in holding that an adjuster, as an agent of the insurer, does not have a duty in tort to an insured. *See id.* at 640-45. In so concluding the court noted that such a holding would follow the rule adopted by the majority of American jurisdictions and would comport with Indiana law concerning agency (under which an agent is generally not liable for actions on behalf of the principal)

and insurer liability (under which liability is based on the existence of a contractual relationship). *See id.* at 640-43; *see also Trinity Baptist Church v. Brotherhood Mutual Ins. Servs., LLC*, 341 P.3d 75, 83 (Okla. 2014) ("A majority of courts in other states have held that an insured cannot maintain a separate tort action for negligence against an independent insurance adjuster hired by the insurer because the independent adjuster owes the insured no duty of care.") (footnote omitted) (citing cases).

The Court reaches the same conclusion in predicting the holding of the Kansas Supreme Court. In *Glenn v. Fleming*, 247 Kan. 296 (1990), the Kansas Supreme Court noted that it had adopted the principle that an insurer's duties are contractually based, and it therefore confirmed that a claim against an insurer for a wrongful failure to settle arises from the contractual obligation to defend. *See id.* at 313. In *Guarantee Abstract & Title Co. v. Interstate Fire and Casualty Co.*, 232 Kan. 76 (1982), the supreme court stated that "a claim that an insurer acted negligently in performing its contractual duty to defend on behalf of the insured does not create a tort action." *See id.* at 81. Similarly, the supreme court noted in *Aves ex rel. Aves v. Shah*, 258 Kan. 506 (1995), that if an insurer negligently or in bad faith refuses to settle a claim against the insured, the insurer has breached an implied term in the insurance contract, and any claim against the insurer must therefore be brought in contract, not in tort. *See id.* at 511-12.

Other courts in Kansas have extended those principles to cover adjusters working as agents of insurers. For instance, in *Wolverton v. Bullock*, 35 F. Supp. 2d 1278 (D. Kan. 1998), the court dismissed negligence and bad faith claims asserted by an insured's assignee against an adjuster acting as agent for the insurer, reasoning that any duty could

4

only be based in contract and that there was no contractual relationship between the insured and the adjuster. *See id.* at 1280-81. In *Martinez v. Powell*, 2002 WL 35657782 (Kan. Ct. App. Sept. 27, 2002) (unpub. op.), the court cited *Wolverton* in affirming the dismissal of negligence claims against an insurer's employees who were not parties to any contract with the insured from which a duty could arise. *See id.* at *6. In *Bragg v. Big Heart Pet Brands, Inc.*, 2021 WL 4168119 (D. Kan. Sept. 14, 2001), the court dismissed negligence claims against a workers compensation insurer and its third-party administrator because any duty would arise only in contract. *See id.* at *9 (citing *Wolverton*).

Finally, in *Rudzik v. Star Insurance Co.*, 2015 WL 1923892 (D. Kan. Apr. 28, 2015), the court noted that the chance of survival of insureds' negligence claim against the independent adjuster's employee was not good in light of (1) "the Kansas Supreme Court's emphatic rejection of a tort remedy for bad faith (including negligent) handling of claims by an insurer, and its insistence that such claims arise not from obligations imposed by law but from an insurer's express and implied obligation under an insurance contract;" and (2) the majority view "that no negligence claim lies against an independent adjuster in these circumstances." *See id.* at *4 (citing cases). Despite the "dim prospect" of success on that claim, the court in *Rudzik* rejected a claim of fraudulent joinder and remanded the case to state court because, given the absence of a controlling decision by the Kansas Supreme Court, the federal court could not say that there was *no* probability that Kansas would recognize such a claim, "even if the current posture of Kansas law suggest the chance is remote." *See id.* at *5. A.N., in opposing dismissal, seizes on this result, arguing that his claim should survive because there is a chance that the Kansas Supreme Court would

recognize it.  Again, however, this Court's duty is to predict what the Kansas Supreme Court would do in this case, and therefore dismissal is appropriate now given the Court's conclusion that the Kansas Supreme Court would reject this claim.

The Court agrees with the court in *Rudzik* that under Kansas law, as stated by the Kansas Supreme Court, any duty of an insurer to its insured relating to its handling of a claim arises only in contract.  Given that principle, the Court believes that the Kansas Supreme Court would further hold that *any* party's duty to an insured regarding the handling of a claim may arise only in contract, and that an independent adjuster (or its employee) with no contractual relationship with the insured therefore owes no legal duty in tort to the insured, with the result that no negligence action may be maintained against that adjuster.  Such a holding, which aligns with the majority rule, makes sense, as it avoids imposing a greater duty on the adjuster, who is one step further removed from the insured, than on the insurer itself.

A.N. notes that Kansas courts generally consider the foreseeability of harm in determining whether a duty exists, and he argues that it is foreseeable that harm to an insured would result from an adjuster's negligent handling of a claim.  Despite that general consideration, however, the Kansas Supreme Court has made clear that no legal duty in tort exists in this particular context of the handling of an insurance claim, and this Court is persuaded that the Kansas Supreme Court would refuse to impose a tort duty on an independent adjuster.  Accordingly, in the absence of a duty here, A.N. cannot state a

cognizable negligence claim against Mr. Bohanan, and the Court therefore grants the motion and dismisses the claim.[2]

IT IS THEREFORE ORDERED BY THE COURT THAT defendant David Bohanan's motion to dismiss (Doc. # 125) is hereby **granted**, and plaintiff A.N.'s claim against David Bohanan is hereby **dismissed**.

IT IS SO ORDERED.

Dated this 25th day of June, 2026, in Kansas City, Kansas.

 /s/   John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

[2] The Court rejects A.N.'s argument that any dismissal should be without prejudice, as the claim turns on a pure question of law, and A.N. has not explained how he could amend to state a cognizable claim against this defendant.

7